JUDGE PAULEY

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

13  CV  85071

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

KANG MING SUN, LIN ZHU, TONG WEI WU,
QIU MING FAN, and LI SHENG ZHANG,
on behalf of themselves and
FLSA Collective Plaintiffs,

            Plaintiffs,

    v.

GUANG JUN LI, GUANG LI LI, LI JIANG,
GRAND SICHUAN NY, INC., and
GRAND SICHUAN 74 ST, INC.,

            Defendants.

---

RECEIVED
NOV 27 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, KANG MING SUN, LIN ZHU, TONG WEI WU, QIU MING FAN, and LI SHENG ZHANG, (each individually, "Plaintiff" or, collectively, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, GUANG JUN LI, GUANG LI LI a/k/a Li Li, LI JIANG ("Individual Defendants"), GRAND SICHUAN NY, INC., and GRAND SICHUAN 74 ST, INC. ("Corporate Defendants", and with Individual Defendants each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1.    Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New York Labor Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.    Plaintiffs, KANG MING SUN, LIN ZHU, TONG WEI WU, QIU MING FAN, and LI SHENG ZHANG, are all residents of Queens County, New York.

6.    Upon information and belief, Defendant, GRAND SICHUAN NY, INC., is a domestic business corporation organized under the laws of New York, doing business as Grand Sichuan Chinese Restaurant with a principal place of business located at 227 Lexington Avenue, New York, New York, 10016 (thereafter, "Grand Sichuan Lexington").

7.   Upon information and belief, Defendant, GRAND SICHUAN 74 ST, INC., is a domestic business corporation organized under the laws of New York, with a principal place of business located at 307 Amsterdam Avenue, New York, New York, 10023 (thereafter, "Grand Sichuan 74 Street").

8.   Upon information and belief, Defendants, GUANG JUN LI and GUANG LI LI a/k/a Li Li, are Principles of both Corporate Defendants. GUANG JUN LI and GUANG LI LI a/k/a Li Li exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, they exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Defendant, GUANG LI LI a/k/a Li Li was also the General Manager for both restaurants, Grand Sichuan Lexington and Grand Sichuan 74 Street. Plaintiff, KANG MING SUN's employment was directly terminated by GUANG LI LI a/k/a Li Li.

9.   Upon information and belief, Defendant, LI JIANG, is the Chief Executive Officer of Defendant, GRAND SICHUAN 74 ST, INC. LI JIANG exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, she exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. LI JIANG was also the manager of the restaurant Grand Sichuan 74 Street. Plaintiff, KANG MING SUN, was directly hired by LI JIANG.

10. GRAND SICHUAN NY, INC. and GRAND SICHUAN 74 ST, INC. operate as a single integrated enterprise. They are operating two restaurants with one general manager, Defendant GUGANG LI LI a/k/a Li Li, and employees are freely interchangeable between the

two restaurants. For instance, Plaintiff, KANG MING SUN and many kitchen staffs had worked for both restaurants.

11. At all relevant times, each of Corporate Defendants, GRAND SICHUAN NY, INC. and GRAND SICHUAN 74 ST, INC., was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs were directly essential to the business operated by Defendants.

13. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this

4

action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

17. In or about March 2011 Plaintiff, KANG MING SUN, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Grand Sichuan 74 Street restaurant. After about forty days, he was transferred to Grand Sichuan Lexington restaurant, and worked for Defendants until on or about April 5, 2013. During his employment by Defendants, KANG MING SUN worked 6 days a week for 11 hours per day, and received his compensation on a fixed salary basis at a rate of $950 per month.

18. On or about October 8, 2012, Plaintiff, LIN ZHU, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Grand Sichuan Lexington restaurant. LIN ZHU worked for defendants until on or about May 19, 2013. During his employment by Defendants, LIN ZHU worked 6 days a week for 11 hours per day, and received his compensation on a fixed salary basis at a rate of $950 per month.

19. In or about April 2008 Plaintiff, TONG WEI WU, was hired by Defendants and /or their predecessors, as applicable, to work as a delivery person for Defendants' Grand Sichuan Lexington restaurant. TONG WEI WU worked for Defendants until in or about July 2010. During his employment by Defendants, TONG WEI WU worked 6 days a week for 11 hours per day, and received his compensation on a fixed salary basis at a rate of $900 per month.

20. In or about April 2010 Plaintiff, QIU MING FAN, was hired by Defendants and /or their predecessors, as applicable, to work as a delivery person for Defendants' Grand Sichuan

Lexington restaurant. QIU MING FAN worked for Defendants until in or about January 2011. During his employment by Defendants, QIU MING FAN worked 6 days a week for 11 hours per day, and received his compensation on a fixed salary basis at a rate of $800 per month.

21. In or about January 2011 Plaintiff, LI SHENG ZHANG, was hired by Defendants and /or their predecessors, as applicable, to work as a delivery person for Defendants' Grand Sichuan Lexington restaurant. LI SHENG ZHANG worked for Defendants until on or about June 30, 2011. During his employment by Defendants, LI SHENG ZHANG worked 5 days a week for 11.5 hours per day, and received his compensation on a fixed salary basis at a rate of $900 per month.

22. Defendants willfully violated Plaintiffs' rights by paying them on a fixed salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

23. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

24. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

25. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

26. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of

the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

27. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

28. Defendants took an improper tip credit with respect to Plaintiffs and all other tipped employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon, (ii) maintain records of tips earned by employees, (iii) provide proper wage statements to employees showing deductions for tip credit allowance, as required under New York State law.

29. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiffs reallege and reaver Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

7

32. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, each of Corporate Defendants, GRAND SICHUAN NY, INC. and GRAND SICHUAN 74 ST, INC., had gross revenues in excess of $500,000.

34. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

35. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

36. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

37. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

38. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the

statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

43. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiffs reallege and reaver Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

48. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff and other non-exempt employees, in violation of the New York Labor Law.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

51. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

52. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

10

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

f.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, and minimum wages pursuant to 29 U.S.C. § 216;

g.    An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law ;

h.    An award of statutory penalties, and prejudgment and postjudgment interest;

i.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j.    Such other and further relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: November 27, 2013

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: _____
      C.K. Lee (CL 4086)